UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURDETT DAVIS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

Case No.: 05-72185
Cr. Case No.: 02-80921-01
HONORABLE VICTORIA A. ROBERTS

## OPINION AND ORDER DENYING MOTION

**I.   INTRODUCTION**

This matter is before the Court on Petitioner's motion to modify or vacate his sentence pursuant to 28 U.S.C. § 2255 [Doc. 41]. For the reasons stated, the Court DENIES Petitioner's motion.

**II.   BACKGROUND**

Burdett Davis ("Petitioner") signed a Rule 11 Plea Agreement on March 26, 2003, [Doc. 23] pleading guilty to count five of his indictment. Count five alleged the distribution of 29.5 grams of heroin in violation of 21 U.S.C. § 841(a)(1). The Rule 11 agreement calculated Petitioner's offense level at 15 after a three point reduction for acceptance of responsibility based on the distribution of only the 29.5 grams of heroin alleged in count five. Petitioner's criminal history category was calculated as III and his guideline range was 24-30 months. The Rule 11 agreement recommended a sentence of 27 months.

In preparing the Pre-Sentencing Investigation Report, the Probation Department assessed a higher guideline range based on the cumulative amount of heroin

distribution indicated in the indictment and calculated a higher criminal history category. The report calculated a criminal history category of IV and an offense level of 21 after a three point reduction for acceptance of responsibility.[1]  Because of the Probation Department calculations, which the Court accepted, the Court rejected the March 2003 Plea Agreement.

Subsequently, on September 2, 2003, Petitioner renegotiated and entered into another Rule 11 Plea Agreement [Doc. 30]. The new agreement calculated his offense level at 24 based on the distribution of 93.6 grams of heroin (the cumulative distribution amount charged in all counts of the indictment).[2] There was a six point reduction: three points for acceptance of responsibility and three points under 5H1.4 for physical condition mitigation. The agreement calculated the total offense level as 18. The September Plea Agreement calculated Petitioner's criminal history category at IV, one level higher than that calculated in the March Plea Agreement, and assessed a guideline range of 41-51 months with a request for a sentence not longer than 46 months imprisonment. Petitioner agreed with this calculation.

At a hearing on November 13, 2003, the Court rejected the Plea Agreement

---

[1] Petitioner's counsel filed an objection to the presentence report's calculation based on the distribution of 81.2 grams, but acknowledged that a sentence based on the cumulative amount of heroin charged in the indictment was within the Court's discretion.

[2] The September Plea Agreement calculated Petitioner's offense level based on the amount of heroin charged in the indictment (93.6 grams). The Probation Department calculated its offense level based on Drug Enforcement Agency reports which determined that there was 81.2 grams of heroin. The distinction is of no consequence because the applicable guideline range applies to individuals charged with the distribution of 80 to 100 grams of heroin. U.S.S.G. § 2D1.1(c)(8).

because it gave Petitioner a three point reduction under 5H1.4 for physical condition mitigation. The Court also denied Petitioner's requests for a downward departure based on rehabilitation or family responsibilities. Without benefit of the 5H1.4 reduction, the Court calculated Petitioner's offense level at 21 after a three point reduction for acceptance of responsibility and determined the appropriate guideline range was 57 to 71 months. At the November hearing, Petitioner indicated that he wished to attempt to renegotiate the Plea Agreement with the Government. However, no new Plea Agreement was presented to the Court.

On April 29, 2004, Petitioner indicated in Court that he wished to enter a guilty plea knowing the Court continued to reject his 5H1.4 physical condition downward departure motion. The Court accepted the plea. On June 23, 2005, Petitioner was sentenced to a 57-month term of imprisonment. No direct appeal was filed. Petitioner filed this motion pursuant to 28 U.S.C. § 2255 on June 3, 2005.

### III.   APPLICABLE LAW AND ANALYSIS

Petitioner alleges that the Court committed error by basing his sentence on the distribution of 93.6 grams of heroin, as opposed to the 29.5 grams agreed to in the March 2003 Rule 11 agreement. This Court's sentence, according to Petitioner, was enhanced by judicial fact finding in violation of his Sixth Amendment rights under *United States v. Booker*, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005).

The Sixth Circuit held that the Supreme Court's decision in *United States v. Booker*, which covers Petitioner's claim, does not apply retroactively to cases already final and challenged on collateral review. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). Petitioner did not pursue a direct appeal. Thus, his conviction

became final ten days after the entry of the judgment of conviction. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426-427 (6th Cir. 2004). Since this case had no direct appeal and is before the Court on collateral attack, *Humphress* is applicable. Therefore, the Court must DENY Petitioner's motion.

Additionally, it is important to note that by signing the September 2003 Plea Agreement, Petitioner agreed to be sentenced based on the distribution of 93.6 grams of heroin. The Court's sentence is consistent with his agreement in every respect, except that the Court declined to depart based on Petitioner's physical condition, for reasons stated at the November 13, 2003 hearing.

### IV. CONCLUSION

For these reasons, the Court DENIES Petitioner's Motion to modify or vacate his sentence pursuant to 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

                                        **S/Victoria A. Roberts**
                                        **Victoria A. Roberts**
                                        **United States District Judge**

**Dated: July 7, 2005**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 7, 2005.**
>
> **s/Carol A. Pinegar**
> **Deputy Clerk**